United States District Court
Northern District of California

1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

DORAN R. LONG,                          Case No. 18-00570 EJD (PR)
11
                Plaintiff,
12                                              **ORDER OF SERVICE ON
        v.                                      DEFENDANT ALFRED LOPEZ**
13

14   S. HATTON, et al.,

15              Defendants.

16

17

18         Plaintiff, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C.

19   § 1983 against officials at Correctional Training Facility ("CTF").[1]  On May 2, 2018, the

20   Court issued an order of service, (Docket No. 13), and service documents were sent to A.

21   Lopez at CTF.  (Docket No. 28.)  On June 5, 2018, an envelope addressed to Defendant A.

22   Lopez was returned to the Court as undeliverable with the notation, "Adriana Lopez?

23   CCHCS" on the envelope.  (Docket No. 38.)  On June 12, 2018, the Clerk sent service

24   documents for A. Lopez to California Correctional Health Care Services ("CCHCS").

25   (Docket No. 53.)  On July 12, 2018, the Court received a letter from the California Prison

26   Industry ("CALPIA"), stating that A. Lopez is not employed there.[2]  (Docket No. 69.)  On

27   _____

28   [1] This matter was reassigned to this Court on February 27, 2018.  (Docket No. 6.)

     [2] It is unclear how the CALPIA became involved although it appears they are responding

United States District Court
Northern District of California

1   July 19, 2018, having received no response from CCHCS, the Court issued an order

2   directing Plaintiff to file a notice providing the Court with accurate and current location

3   information for Defendant A. Lopez.  (Docket No. 70.) Plaintiff filed a response indicating

4   that Defendant A. Lopez's correct full name is "Alfredo Lopez" and that he was a

5   supervisor at California Prison Industries Authority/Health Facilities Maintenance

6   Division, (CALPIA/HFM.)  (Docket No. 71.)  With the additional information provided by

7   Plaintiff, the Court issued an order on August 17, 2018, requesting that CALPIA Litigation

8   Coordinator provide a forwarding address for Alfred Lopez.  (Docket No. 72.)  On August

9   30, 2018, counsel for Defendants filed under seal a Declaration by D. Kamakani, Chief of

10  Human Resources at CALPIA, containing the last known address for Defendant A. Lopez.

11  (Docket No. 77 at 2.)  Based on the information provided, the Court will order the matter

12  served on Defendant A. Lopez at the last known address provided in the sealed declaration.

13

14  **CONCLUSION**

15      For the reasons state above, the Court orders as follows:

16      1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for

17  Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

18  of the amended complaint, (Docket No. 7), all attachments thereto, a copy of the Court's

19  February 2, 2018 Order, (Docket No. 13), and a copy of this order upon **Defendant A.**

20  **Lopez** at the last known address contained in the sealed declaration.  The Clerk shall also

21  mail a copy of this Order to Plaintiff and counsel for Defendants who have already

22  appeared in this action.

23      2.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil

24  Procedure requires him to cooperate in saving unnecessary costs of service of the

25  _____

26  to service documents that were sent to CTF.  (Docket No. 69.)

27  Order of Service on Defendant Alfred Lopez
    P:\PRO-SE\EJD\CR.18\00570Long_serve-Lopez.docx

28  2

1 summons and the complaint.  Pursuant to Rule 4, if Defendant, after being notified of this

2 action and asked by the Court, on behalf of Plaintiff, to waive service of the summons,

3 fails to do so, he will be required to bear the cost of such service unless good cause shown

4 for their failure to sign and return the waiver form.  If service is waived, this action will

5 proceed as if Defendant had been served on the date that the waiver is filed, except that

6 pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer

7 before **sixty (60) days** from the day on which the request for waiver was sent.  (This

8 allows a longer time to respond than would be required if formal service of summons is

9 necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver

10 form that more completely describes the duties of the parties with regard to waiver of

11 service of the summons.  If service is waived after the date provided in the Notice but

12 before Defendant has been personally served, the Answer shall be due sixty (60) days from

13 the date on which the request for waiver was sent or twenty (20) days from the date the

14 waiver form is filed, whichever is later.

15      3.     No later than **ninety-one (91) days** from the date this order is filed,

16 Defendant shall file a motion for summary judgment or other dispositive motion with

17 respect to the claims in the complaint found to be cognizable above.

18      a.     Any motion for summary judgment shall be supported by adequate

19 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

20 Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor

21 qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion

22 that this case cannot be resolved by summary judgment, he shall so inform the Court prior

23 to the date the summary judgment motion is due.

24      b.     **In the event Defendant files a motion for summary judgment, the**

25 **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

26 **warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See***

27 Order of Service on Defendant Alfred Lopez
P:\PRO-SE\EJD\CR.18\00570Long_serve-Lopez.docx

28

***Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendant *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. Plaintiff has filed a motion for summary judgment and supporting papers. (Docket Nos. 41-44.) Defendant's opposition to the motion shall be filed **twenty-eight (28) days** from the date this order is filed. Plaintiff's reply shall be filed no later than **fourteen (14) days** after Defendants' opposition is filed.

7. The above motions shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motions unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Order of Service on Defendant Alfred Lopez
P:\PRO-SE\EJD\CR.18\00570Long_serve-Lopez.docx

10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: ___9/11/2018_____          _____

EDWARD J. DAVILA
United States District Judge